85053/Notice Removal/JDG/lc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TERESA WOODS and VIRGIL WOODS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 17 CV 7330 |
| ) | |
| LAWRENCE GRAYSON, individually ) | |
| and as an agent and/or employee of PDS ) | |
| TRANSPORTATION SERVICES, INC., ) | |
| PDS EXPRESS, INC., PD&S, BARR ) | |
| NUNN TRANSPORTATION, INC., ) | |
| KNIGHT TRANSPORTATION, INC., ) | |
| and/or KNIGHT-SWIFT ) | |
| TRANSPORTATION HOLDINGS, INC., ) | |
| PDS TRANSPORTATION SERVICES, ) | |
| INC., PDS EXPRESS, INC., PD&S, ) | |
| BARR TRANSPORTATION, INC., ) | |
| KNIGHT TRANSPORTATION, INC., and ) | |
| KNIGHT-SWIFT TRANSPORTATION ) | |
| HOLDINGS INC., ) | |
| ) | |
|     Defendants. ) | |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

NOW COME the defendants, KNIGHT TRANSPORTATION, INC. and/or KNIGHT-

SWIFT TRANSPORTATION HOLDINGS, INC., KNIGHT TRANSPORTATION, INC., and

KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., by and through their attorneys,

JOEL D. GROENEWOLD and KOPKA PINKUS DOLIN PC, pursuant to 28 USC §§ 1332,

1441, and 1446, and hereby submit their Notice of Removal of this case from the Circuit Court

of Cook County to the United States District Court For the Northern District of Illinois, Eastern

Division. In support of this Notice of Removal, defendants state as follows:

    1.    This matter arises out of a motor vehicle accident that occurred on August 21,

2015, on Interstate 80 just east of Interstate 35 in Des Moines, Iowa.  See Plaintiff's Complaint,

attached as Exhibit A, filed in the Circuit Court of Cook County, Law Division, under Docket Number 2017 L 008231.

2.      In their Complaint, plaintiffs allege that they suffered "extensive medical treatment for her injuries," including disability and disfigurement which are alleged to be permanent. (See Exhibit A, Count I, Paragraph 62). Plaintiff further prays for "an amount more than $50,000.00 plus costs." (See Exhibit A, plaintiff's Prayers for Relief). Both plaintiffs allege personal injuries as a result of this motor vehicle accident.

3.      Upon information and belief, plaintiff's counsel has indicated that plaintiffs' injuries involve a fractured hip with surgery, and the special damages claimed are approximately $400,000.00

4.      All that is required for Removal based on Diversity Jurisdiction is a "reasonable probability" that more than $75,000.00 is in controversy. See *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-42 (N.D.Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

5.      Here, plaintiffs have complied with Illinois pleading requirements, which only allow a plaintiff to assert that his/her damages are greater or less than a certain jurisdictional amount. In this case, plaintiffs are seeking damages "in excess of $50,000.00" based on claims of permanent disability, permanent pain and suffering, and injury and future damages. (See Exhibit A, Count I, Paragraph 63).

2

6.     Based upon the allegations in plaintiffs' Complaint and the plaintiffs' significant special damages and injuries, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7.     Upon information and belief, and based upon plaintiffs Complaint, both plaintiffs have been residents and citizens of the state of Illinois at all relevant times, residing at 24661 S. Wildwood Trail, Crete, Illinois.

8.     Based upon information and belief, all other defendants have been citizens and residents of states other than Illinois at all relevant times to this litigation.

9.     At all times herein mentioned, defendant Swift Transportation is a Delaware corporation with its principal offices in Phoenix, Arizona.  Knight Transportation is an Arizona corporation with its principal place of business in Phoenix, Arizona.  (See attached Exhibit C).

10.     Accordingly, for purposes of determining whether Diversity Jurisdiction exits under 28 USC §1332C1, at all relevant times, the plaintiff was a resident and citizen of the state of Illinois and the defendants have not been a resident or citizen of the state of Illinois.

11.     For the foregoing reasons, this is an action wherein the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction, pursuant to 28 USC § 1332, because the matter in controversy exceeds the value of $75,000.00, exclusive of costs and interest, and the plaintiff and defendants are residents and citizens of different states.

12.     Accordingly, Diversity Jurisdiction exists and this lawsuit was properly removed to this Court pursuant to 28 USC §1441 and §1446.

13.     This Notice of Removal was timely filed by the defendants within the timeframe allotted by this Court pursuant to 28 USC § 1446B.

14.     Plaintiffs' counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure

WHEREFORE, the defendants, KNIGHT TRANSPORTATION, INC. and/or KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., KNIGHT TRANSPORTATION, INC., and KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.,  pursuant to 28 USC §1441, remove this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,

KNIGHT TRANSPORTATION, INC. and/or KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., KNIGHT TRANSPORTATION, INC., and KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.


By: /s/Joel D. Groenewold
        Attorney for defendants

Joel D. Groenewold, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jdgroenewold@kopkalaw.com
Attorney No. 6237227

## CERTIFICATE OF SERVICE

I the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States mail at 200 West Adams Street, Chicago, Illinois, first class postage fully prepaid, this 11 day of October, 2017, to the following:

Larry R. Rogers, Esq.
Power Rogers & Smith, P.C.
70 W. Madison Street, 55th Floor
Chicago, Illinois 60602-4212
Email: lrogersjr@prslaw.com

4

/s/ Joel D. Groenewold
KOPKA PINKUS DOLIN PC
200 West Adams Street
Suite 1200
Chicago, Illinois 60606
312-782-9920
Fax 312-782-9965
E-mail: jdgroenewold@kopkalaw.com
Attorney No. 6237227

Subscribed and sworn to before me
this 11 day of October, 2017.

/s/ Leticia Corona
Notary Public

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TERESA WOODS and VIRGIL WOODS

Plaintiffs,

v.

LAWRENCE GRAYSON, Individually and
as an agent and/or employee of PDS
TRANSPORTATION SERVICES, INC.,
PDS EXPRESS, INC., PD&S, BARR NUNN
TRANSPORTATION, INC., KNIGHT
TRANSPORTATION, INC., and/or
KNIGHT-SWIFT TRANSPORTATION
HOLDINGS, INC.;
PDS TRANSPORTATION SERVICES,
INC.;
PDS EXPRESS, INC.;
PD&S;
BARR NUNN TRANSPORTATION, INC.;
KNIGHT TRANSPORTATION, INC.;
and KNIGHT-SWIFT TRANSPORTATION
HOLDINGS INC.,

Defendants,

PERISHABLE DISTRIBUTION
SOLUTIONS,

Respondent-In-Discovery.

No. _____
Jury Demand

2017L008231
CALENDAR/ROOM C
TIME 00:00
PI Motor Vehicle

## COMPLAINT AT LAW

NOW COME the Plaintiffs, TERESA WOODS and VIRGIL WOODS, by and through
their attorneys POWER ROGERS & SMITH, LLP, complaining of Defendants, LAWRENCE
GRAYSON, Individually and as an agent and/or employee of PDS TRANSPORTATION
SERVICES, INC., and/or PDS EXPRESS, INC., and/or PD&S, and/or BARR NUNN
TRANSPORTATION, INC., and/or KNIGHT TRANSPORTATION, INC., and/or KNIGHT-
SWIFT TRANSPORTATION HOLDINGS INC., PDS TRANSPORTATION SERVICES,
INC., PD&S, BARR NUNN TRANSPORTATION, INC., KNIGHT TRANSPORTATION,
INC., and KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., and each of them,
pleading hypothetically and in the alternative, states as follows:

1



## COUNT I

### TERESA WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC.

1. On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

2. On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

3. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC, PDS EXPRESS, INC., and PD&S were jointly involved in transportation solutions and operator logistics.

4. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was located at 1070 Swanson Drive, Batavia, IL 60510.

5. On or about August 21, 2015, PDS TRANSPORTATION SERVICES, INC. had a registered agent located at 1014 S. Kenilworth Avenue, Oak Park, Cook County, Illinois.

6. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was a corporation, transacting business and doing business in and through the State of Illinois.

7. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was a corporation, transacting business and doing business in and through the County of Cook.

8. On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON") was employed by PDS TRANSPORTATION SERVICES, INC.

2

9. On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON") was employed by PDS TRANSPORTATION SERVICES, INC.

10. On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON was an agent and/or employee of Defendant, PDS TRANSPORTATION SERVICES, INC.

11. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was contracted by BARR NUNN TRANSPORTATION, INC.

12. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was acting on behalf of BARR NUNN TRANSPORTATION, INC.

13. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

14. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

15. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity, PDS TRANSPORTATION SERVICES, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

3

16. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. hired trucking company/operator/logistics entity PDS TRANSPORTATION SERVICES, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

17. As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS TRANSPORTATION SERVICES, INC., BARR NUNN TRANSPORTATION allowed GRAYSON to operate on the roadway in a tractor trailer and injure the Plaintiffs.

18. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was contracted by KNIGHT TRANSPORTATION, INC.

19. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was acting on behalf of KNIGHT TRANSPORTATION, INC.

20. Upon information and belief, the contract for hire between KNIGHT TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

21. Upon information and belief, the contract for hire between KNIGHT TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

22. On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity, PDS

4

TRANSPORTATION SERVICES, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

23.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. hired trucking company/operator/logistics entity PDS TRANSPORTATION SERVICES, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

24.     As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS TRANSPORTATION SERVICES, INC., KNIGHT TRANSPORTATION, INC. allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

25.     On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was contracted by KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

26.     On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was acting on behalf of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

27.     Upon information and belief, the contract for hire between KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

28.     Upon information and belief, the contract for hire between KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

29. On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. engaged an Illinois trucking company/operator/logistics entity, PDS TRANSPORTATION SERVICES, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

30. On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. hired trucking company/operator/logistics entity PDS TRANSPORTATION SERVICES, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

31. As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS TRANSPORTATION SERVICES, INC., KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

32. Upon information and belief, given the location of PDS TRANSPORTATION SERVICES, INC. in Batavia, Illinois, there are email/text/telephone/ or other communications between Illinois and Iowa on the day of the incident with its employee and/or agent GRAYSON regarding his job duties and/or responsibilities on the day of the occurrence.

33. Upon information and belief, given the location of PDS TRANSPORTATION SERVICES, INC. in Batavia, Illinois, there are email/text/telephone/ or other communications between Iowa and Illinois on the day of the incident with its employee and/or agent GRAYSON and others regarding the collision at issue immediately or soon after it occurred.

34. Upon information and belief, based upon the scope of its services offered, PDS TRANSPORTATION SERVICES, INC. was tracking, from Illinois, the location, whereabouts, and activities of GRAYSON as he travelled across jurisdictions on the day of the occurrence and

6.

had the authority, ability, and duty to instruct him to slow stop, or get sufficient rest before the collision.

35. Prior to August 21, 2015, PDS TRANSPORTATION SERVICES, INC. was responsible for directing vehicles operated in and around Cook County highways.

36. Prior to August 21, 2015, PDS TRANSPORTATION SERVICES, INC. conducted continuous, systematic, and substantial corporate operations in Illinois.

37. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON was an agent and/or employee of Defendant, PDS TRANSPORTATION SERVICES, INC.

38. On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided training to GRAYSON.

39. On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided training to GRAYSON in Illinois.

40. On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided instruction to GRAYSON on how to avoid fatigued driving.

41. On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided instruction to GRAYSON on being attentive on the roadway.

42. Prior to August 21, 2015, Defendant GRAYSON had driven on highways in Cook County, Illinois on numerous occasions.

7

43. On or about August 21, 2015, and at all times relevant herein, GRAYSON was acting within the course and scope of his agency and/or employment with PDS TRANSPORTATION SERVICES, INC.

44. On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating a 2013 Freightliner tractor with license plate number SG7160, and a trailer with vehicle identification number DD0081 (hereinafter collectively referred to as "the tractor-trailer").

45. On or about August 21, 2015, and at all times relevant herein, I-80 was an interstate highway running in an easterly and westerly direction within the City of Des Moines, County of Polk, and State of Iowa.

46. On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating the aforementioned tractor-trailer eastbound on I-80, just east of I-35.

47. On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating a 2004 Lexus SC 430 with Illinois license plate number WOODZ-WZ.

48. On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a passenger in the 2004 Lexus SC 430.

49. On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating the 2004 Lexus SC 430 on I-80, just east of I-35.

50. On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON started to make a lane change to the right.

51. On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON struck and collided with the vehicle being operated by VIRGIL WOODS.

52.     That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

53.     That at all times relevant herein, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

54.     That at all times relevant herein, the tractor-trailer driven by Defendant, GRAYSON, was a motor vehicle as defined by the Motor Carrier Safety Regulations.

55.     That at all times relevant herein, Defendant, GRAYSON, was a driver of the tractor-trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

56.     That as a motor carrier, Defendant, PDS TRANSPORTATION SERVICES, INC., had a duty to require observance by its drivers, such as Defendant, GRAYSON, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

57.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

58.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

9

59.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

60.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., and each of them, were negligent in one or more of the following respects:

a.   Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

b.   Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

c.   Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

d.   Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

e.   Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

f.   Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

g.   Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h.   Defendant, PDS TRANSPORTATION SERVICES, INC.,, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i.   Failed to give audible warning of the approach of said motor vehicle; or

j.   Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k.   Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l.   Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m.   Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n.   Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o.   Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p.   PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON; or

q.   PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding fatigued driving; or

10

r. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

61. As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life; and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62. TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, prays for judgment against the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC, and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

11

## COUNT II
### TERESA WOODS v. PDS TRANSPORTATION SERVICES, INC.

1-56. Plaintiff restates and reincorporates by reference paragraphs 1 – 56 of Count I of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 56 of Count II.

57.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

58.     On or about August 21, 2015, and at all times relevant herein, Defendant, PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, and each of them, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59.     On or about August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, and each of them, had a duty to operate his vehicle at a speed that was safe for traffic.

60.     Notwithstanding said duty, the Defendant, PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, and each of them, and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

12

    f.   Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

    g.   Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

    h.   Defendant, PDS TRANSPORTATION SERVICES, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

    i.   Failed to give audible warning of the approach of said motor vehicle; or

    j.   Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

    k.   Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

    l.   Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

    m.   Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

    n.   Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

    o.   Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

    p.   PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON; or

    q.   PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding fatigued driving; or

    r.   PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

    61.    As a proximate result of one or more of the aforesaid acts and/or omissions of PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

    62.    TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, prays for judgment against the Defendant, PDS TRANSPORTATION SERVICES, INC., and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

14

**COUNT III**

**VIRGIL WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC.**

1-56. Plaintiff restates and reincorporates by reference paragraphs 1 – 56 of Count I of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 56 of Count III.

57.    On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was operating.

58.    On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59.    On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

60.    Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
   g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

15

h. Defendant, PDS TRANSPORTATION SERVICES, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o. Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON; or

q. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding fatigued driving; or

r. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

61. As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62. TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, prays for judgment against the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS

TRANSPORTATION SERVICES, INC., and each of them, for an amount in excess of FIFTY

THOUSAND DOLLARS ($50,000.00).

<u>COUNT IV</u>
VIRGIL WOODS v. PDS TRANSPORTATION SERVICES, INC.

1-56. Plaintiff restates and reincorporates by reference paragraphs 1 – 56 of Count I of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 56 of Count IV.

57. On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PDS TRANSPORTATION SERVICES, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was operating.

58. On or about August 21, 2015, and at all times relevant herein, Defendant, PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, and each of them, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59. On or about August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, and each of them, had a duty to operate his vehicle at a speed that was safe for traffic.

60. Notwithstanding said duty, the Defendant, PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, and each of them, and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

18

f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par, 396.13; or

h. Defendant, PDS TRANSPORTATION SERVICES, INC.,, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o. Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON; or

q. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding fatigued driving; or

r. PDS TRANSPORTATION SERVICES, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

61. As a proximate result of one or more of the aforesaid acts and/or omissions of PDS TRANSPORTATION SERVICES, INC., by and through its agent and/or employee GRAYSON, Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62. VIRGIL WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

19

<u>COUNT V</u>

**TERESA WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of PDS EXPRESS, INC.**

1. On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

2. On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

3. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC, PDS EXPRESS, INC., and PD&S were jointly involved in transportation solutions and operator logistics.

4. On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was located at 1070 Swanson Drive, Batavia, IL 60510.

5. On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. had a registered agent located at 1014 S. Kenilworth Avenue, Oak Park, Cook County, Illinois.

6. On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was a corporation, transacting business and doing business in and through the State of Illinois.

7. On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was a corporation, transacting business and doing business in and through the County of Cook.

8. On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON") was employed by PDS EXPRESS, INC.

9.    On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON") was employed by PDS EXPRESS, INC.

10.    On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON was an agent and/or employee of Defendant, PDS EXPRESS, INC.

11.    On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was contracted by BARR NUNN TRANSPORTATION, INC.

12.    On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was acting on behalf of BARR NUNN TRANSPORTATION, INC.

13.    Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

14.    Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

15.    On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity, PDS EXPRESS, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

16.    On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. hired trucking company/operator/logistics entity PDS EXPRESS, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

22

17.    As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS EXPRESS, INC., BARR NUNN TRANSPORTATION allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

18.    On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was contracted by KNIGHT TRANSPORTATION, INC.

19.    On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was acting on behalf of KNIGHT TRANSPORTATION, INC.

20.    Upon information and belief, the contract for hire between KNIGHT TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

21.    Upon information and belief, the contract for hire between KNIGHT TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

22.    On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity, PDS EXPRESS, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

23.    On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. hired trucking company/operator/logistics entity PDS EXPRESS, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

24.     As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS EXPRESS, INC., KNIGHT TRANSPORTATION, INC. allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

25.     On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was contracted by KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

26.     On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was acting on behalf of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

27.     Upon information and belief, the contract for hire between KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

28.     Upon information and belief, the contract for hire between KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

29.     On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION         HOLDINGS         INC.    engaged    an    Illinois    trucking company/operator/logisties entity, PDS EXPRESS, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

30.     On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. hired trucking company/operator/logistics entity PDS EXPRESS, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

24

31. As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS EXPRESS, INC., KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

32. Upon information and belief, given the location of PDS EXPRESS, INC. in Batavia, Illinois, there are email/text/telephone/ or other communications between Illinois and Iowa on the day of the incident with its employee and/or agent GRAYSON regarding his job duties and/or responsibilities on the day of the occurrence.

33. Upon information and belief, given the location of PDS EXPRESS, INC. in Batavia, Illinois, there are email/text/telephone/ or other communications between Iowa and Illinois on the day of the incident with its employee and/or agent GRAYSON and others regarding the collision at issue immediately or soon after it occurred.

34. Upon information and belief, based upon the scope of its services offered, PDS EXPRESS, INC. was tracking, from Illinois, the location, whereabouts, and activities of GRAYSON as he travelled across jurisdictions on the day of the occurrence and had the authority, ability, and duty to instruct him to slow stop, or get sufficient rest before the collision.

35. Prior to August 21, 2015, PDS EXPRESS, INC. was responsible for directing vehicles operated in and around Cook County highways.

36. Prior to August 21, 2015, PDS EXPRESS, INC. conducted continuous, systematic, and substantial corporate operations in Illinois.

37. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON was an agent and/or employee of Defendant, PDS EXPRESS, INC.

38. Prior to August 21, 2015, Defendant GRAYSON had driven on highways in Cook County, Illinois on numerous occasions.

39.     On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided training to GRAYSON.

40.     On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided training to GRAYSON in Illinois.

41.     On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided instruction to GRAYSON on how to avoid fatigued driving.

42.     On or prior to August 21, 2015, and at all times relevant herein, Defendant PDS TRANSPORTATION SERVICES, INC. provided instruction to GRAYSON on being attentive on the roadway.

43.     On or about August 21, 2015, and at all times relevant herein, GRAYSON was acting within the course and scope of his agency and/or employment with PDS EXPRESS, INC.

44.     On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating a 2013 Freightliner tractor with license plate number SG7160, and a trailer with vehicle identification number DD0081 (hereinafter collectively referred to as "the tractor-trailer").

45.     On or about August 21, 2015, and at all times relevant herein, I-80 was an interstate highway running in an easterly and westerly direction within the City of Des Moines, County of Polk, and State of Iowa.

46.     On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating the aforementioned tractor-trailer eastbound on I-80, just east of I-35.

47.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating a 2004 Lexus SC 430 with Illinois license plate number WOODZ-WZ.

26

48.     On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a passenger in the 2004 Lexus SC 430.

49.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating the 2004 Lexus SC 430 on I-80, just east of I-35.

50.     On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON started to make a lane change to the right.

51.     On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON struck and collided with the vehicle being operated by VIRGIL WOODS.

52.     That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

53.     That at all times relevant herein, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

54.     That at all times relevant herein, the tractor-trailer driven by Defendant, GRAYSON, was a motor vehicle as defined by the Motor Carrier Safety Regulations.

55.     That at all times relevant herein, Defendant, GRAYSON, was a driver of the tractor-trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

56.     That as a motor carrier, Defendant, PDS EXPRESS, INC., had a duty to require observance by its drivers, such as Defendant, GRAYSON, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

57.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

58.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

60.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., and each of them, were negligent in one or more of the following respects:

      a.  Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

      b.  Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

      c.  Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

      d.  Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

      e.  Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

      f.  Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

      g.  Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

      h.  Defendant, PDS EXPRESS, INC.,, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect

to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o. Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p. PDS EXPRESS, INC. failed to properly train GRAYSON; or

q. PDS EXPRESS, INC. failed to properly train GRAYSON regarding fatigued driving; or

r. PDS EXPRESS, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

61. As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62. TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, prays for judgment against the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

29

## COUNT VI
## TERESA WOODS v. PDS EXPRESS, INC.

1-56. Plaintiff restates and reincorporates by reference paragraphs 1 - 56 of Count V of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 56 of Count IV.

57.     On or about August 21, 2015, and at all times relevant herein, Defendants, PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

58.     On or about August 21, 2015, and at all times relevant herein, Defendant, PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59.     On or about August 21, 2015, and at all times relevant herein, Defendant PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, had a duty to operate his vehicle at a speed that was safe for traffic.

60.     Notwithstanding said duty, the Defendant, Defendant PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, and each of them, were negligent in one or more of the following respects:

     a.  Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
     b.  Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
     c.  Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
     d.  Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
     e.  Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

    f.  Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

    g.  Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

    h.  Defendant, PDS EXPRESS, INC.,, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

    i.  Failed to give audible warning of the approach of said motor vehicle; or

    j.  Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

    k.  Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

    l.  Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

    m.  Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

    n.  Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

    o.  Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

    p.  PDS EXPRESS, INC. failed to properly train GRAYSON; or

    q.  PDS EXPRESS, INC. failed to properly train GRAYSON regarding fatigued driving; or

    r.  PDS EXPRESS, INC. failed to properly train GRAYSON regarding being attentive on the roadway,

61.    As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62.    TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, prays for judgment against the Defendant, PDS EXPRESS, INC., and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

32

## COUNT VII
### VIRGIL WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of PDS EXPRESS, INC.

1-56. Plaintiff restates and reincorporates by reference paragraphs 1 – 56 of Count V of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 56 of Count VII.

57.    On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was operating.

58.    On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59.    On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

60.    Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., and each of them, were negligent in one or more of the following respects:

   a.  Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or.
   b.  Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c.  Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d.  Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e.  Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f.  Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
   g.  Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

33

h. Defendant, PDS EXPRESS, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o. Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p. PDS EXPRESS, INC. failed to properly train GRAYSON; or

q. PDS EXPRESS, INC. failed to properly train GRAYSON regarding fatigued driving; or

r. PDS EXPRESS, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

61. As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS EXPRESS, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62. VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, prays for judgment against the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PDS EXPRESS,

34

INC., and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VIII
### VIRGIL WOODS v. PDS EXPRESS, INC.

1-56. Plaintiff restates and reincorporates by reference paragraphs 1 - 56 of Count V of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 56 of Count VIII.

57.     On or about August 21, 2015, and at all times relevant herein, Defendants, PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was operating.

58.     On or about August 21, 2015, and at all times relevant herein, Defendant, PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

59.     On or about August 21, 2015, and at all times relevant herein, Defendant PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, had a duty to operate his vehicle at a speed that was safe for traffic.

60.     Notwithstanding said duty, the Defendant, Defendant PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

36

f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, PDS EXPRESS, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o. Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p. PDS EXPRESS, INC. failed to properly train GRAYSON; or

q. PDS EXPRESS, INC. failed to properly train GRAYSON regarding fatigued driving; or

r. PDS EXPRESS, INC. failed to properly train GRAYSON regarding being attentive on the roadway.

61. As a proximate result of one or more of the aforesaid acts and/or omissions of Defendant PDS EXPRESS, INC., by and through its agent/and or employee GRAYSON, and each of them, Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

62. VIRGIL WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, prays for judgment against the Defendant, PDS EXPRESS, INC., and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IX
### TERESA WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of PD&S

1.     On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

2.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

3.     On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC, PDS EXPRESS, INC., and PD&S were jointly involved in transportation solutions and operator logistics.

4.     On or about August 21, 2015, and at all times relevant herein, PD&S was located at 2333 Bergdolt Road, Evansville, Indiana 47711.

5.     On or about August 21, 2015, and at all times relevant herein, PD&S was a corporation, transacting business and doing business in and through the State of Illinois.

6.     On or about August 21, 2015, and at all times relevant herein, PD&S was a corporation, transacting business and doing business in and through the County of Cook.

7.     On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON") was employed by PD&S.

8.     On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON") was employed by PD&S.

9.     On or about August 21, 2015, and at all times relevant herein, LAWRENCE GRAYSON was an agent and/or employee of Defendant, PD&S.

10.     On or about August 21, 2015, and at all times relevant herein, PD&S was contracted by BARR NUNN TRANSPORTATION, INC.

39

11.     On or about August 21, 2015, and at all times relevant herein, PD&S was acting on behalf of BARR NUNN TRANSPORTATION, INC.

12.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. engaged a trucking company/operator/logistics entity, PD&S to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

13.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. hired trucking company/operator/logistics entity PD&S, without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

14.     As a result of retaining, poorly evaluating, inadequately screening, and retaining of PD&S, BARR NUNN TRANSPORTATION allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

15.     On or about August 21, 2015, and at all times relevant herein, PD&S was contracted by KNIGHT TRANSPORTATION, INC.

16.     On or about August 21, 2015, and at all times relevant herein, PD&S was acting on behalf of KNIGHT TRANSPORTATION, INC.

17.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. engaged a trucking company/operator/logistics entity, PD&S to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

18.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. hired trucking company/operator/logistics entity PD&S, without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

19. As a result of retaining, poorly evaluating, inadequately screening, and retaining PD&S, KNIGHT TRANSPORTATION, INC. allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

20. On or about August 21, 2015, and at all times relevant herein, PD&S was contracted by KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

21. On or about August 21, 2015, and at all times relevant herein, PD&S was acting on behalf of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

22. On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. engaged a trucking company/operator/logistics entity, PD&S to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

23. On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. hired trucking company/operator/logistics entity PD&S, without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

24. As a result of retaining, poorly evaluating, inadequately screening, and retaining PD&S, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

25. Prior to August 21, 2015, PD&S was responsible for directing vehicles operated in and around Cook County highways.

26. Prior to August 21, 2015, PD&S conducted continuous, systematic, and substantial corporate operations in Illinois.

41

27. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON was an agent and/or employee of Defendant, PD&S

28. On or prior to August 21, 2015, and at all times relevant herein, Defendant PD&S provided training to GRAYSON.

29. On or prior to August 21, 2015, and at all times relevant herein, Defendant PD&S provided instruction to GRAYSON on how to avoid fatigued driving.

30. On or prior to August 21, 2015, and at all times relevant herein, Defendant PD&S provided instruction to GRAYSON on being attentive on the roadway.

31. Prior to August 21, 2015, Defendant GRAYSON had driven on highways in Cook County, Illinois on numerous occasions.

32. On or about August 21, 2015, and at all times relevant herein, GRAYSON was acting within the course and scope of his agency and/or employment with PD&S

33. On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating a 2013 Freightliner tractor with license plate number SG7160, and a trailer with vehicle identification number DD0081 (hereinafter collectively referred to as "the tractor-trailer").

34. On or about August 21, 2015, and at all times relevant herein, I-80 was an interstate highway running in an easterly and westerly direction within the City of Des Moines, County of Polk, and State of Iowa.

35. On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating the aforementioned tractor-trailer eastbound on I-80, just east of I-35.

36. On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating a 2004 Lexus SC 430 with Illinois license plate number WOODZ-WZ.

42

37. On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a passenger in the 2004 Lexus SC 430.

38. On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating the 2004 Lexus SC 430 on I-80, just east of I-35.

39. On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON started to make a lane change to the right.

40. On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON struck and collided with the vehicle being operated by VIRGIL WOODS.

41. That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

42. That at all times relevant herein, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

43. That at all times relevant herein, the tractor-trailer driven by Defendant, GRAYSON, was a motor vehicle as defined by the Motor Carrier Safety Regulations.

44. That at all times relevant herein, Defendant, GRAYSON, was a driver of the tractor-trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

43

45. That as a motor carrier, Defendant, PD&S, had a duty to require observance by its drivers, such as Defendant, GRAYSON, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

46. On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PD&S, had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

47. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

48. On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

49. Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PD&S, and each of them, were negligent in one or more of the following respects:

    a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

    b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

    c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

    d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

    e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

    f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

    g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

    h. Defendant, PD&S,, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

44

    i.  Failed to give audible warning of the approach of said motor vehicle; or

    j.  Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

    k.  Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

    l.  Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

    m.  Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

    n.  Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

    o.  Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

    p.  PD&S failed to properly train GRAYSON; or

    q.  PD&S failed to properly train GRAYSON regarding fatigued driving; or

    r.  PD&S failed to properly train GRAYSON regarding being attentive on the roadway.

50.    As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of PD&S, Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

51.    TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, prays for judgment against the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PD&S, and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

45

## COUNT X
## TERESA WOODS v. PD&S

1-45. Plaintiff restates and reincorporates by reference paragraphs 1 - 45 of Count IX of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 45 of Count X.

46. On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PD&S, had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

47. On or about August 21, 2015, and at all times relevant herein, Defendant, PD&S by and through its agent and/or employee GRAYSON, and each of them, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

48. On or about August 21, 2015, and at all times relevant herein, Defendant PD&S by and through its agent and/or employee GRAYSON, and each of them, had a duty to operate his vehicle at a speed that was safe for traffic.

49. Notwithstanding said duty, the Defendant, PD&S by and through its agent and/or employee GRAYSON, and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11.; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
   g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

46

h.   Defendant, PD&S, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i.   Failed to give audible warning of the approach of said motor vehicle; or

j.   Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k.   Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l.   Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m.   Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n.   Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o.   Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p.   PD&S failed to properly train GRAYSON; or

q.   PD&S failed to properly train GRAYSON regarding fatigued driving; or

r.   PD&S failed to properly train GRAYSON regarding being attentive on the roadway.

50.   As a proximate result of one or more of the aforesaid acts and/or omissions of PD&S by and through its agent and/or employee GRAYSON, and each of them, Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

51.   TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, prays for judgment against the Defendant, PD&S, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XI
### VIRGIL WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of PD&S

1-44. Plaintiff restates and reincorporates by reference paragraphs 1 - 45 of Count IX of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 45 of Count XI.

45.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PD&S, had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was operating.

46.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

47.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

48.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of PD&S, and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49
      C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in
      violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act;
      or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle,
      despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances
      then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to
      and in violation of 49 C.F.R. §393.209; or
   g. Allowing the tractor-trailer out on the roadway without ensuring that it was in
      safe operating order, in violation of 49 C.F.R. §Par. 396.13; or
   h. Defendant, PD&S,, was negligent in the supervision and oversight of its agent
      and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the

48

## COUNT XII
## VIRGIL WOODS v. PD&S

1-45. Plaintiff restates and reincorporates by reference paragraphs 1 – 45 of Count IX of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 45 of Count XII.

46.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of PD&S, had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was operating.

47.     On or about August 21, 2015, and at all times relevant herein, Defendant, PD&S by and through its agent and/or employee GRAYSON, and each of them, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

48.     On or about August 21, 2015, and at all times relevant herein, Defendant PD&S by and through its agent and/or employee GRAYSON, and each of them, had a duty to operate his vehicle at a speed that was safe for traffic.

49.     Notwithstanding said duty, the Defendant, PD&S by and through its agent and/or employee GRAYSON, and each of them, were negligent in one or more of the following respects:

    a.  Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
    b.  Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
    c.  Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
    d.  Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
    e.  Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
    f.  Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
    g.  Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, PD&S, was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway; or

o. Failed to appropriately retain, evaluate, and screen LAWRENCE GRAYSON as its driver; or

p. PD&S failed to properly train GRAYSON; or

q. PD&S failed to properly train GRAYSON regarding fatigued driving; or

r. PD&S failed to properly train GRAYSON regarding being attentive on the roadway.

50.     As a proximate result of one or more of the aforesaid acts and/or omissions of PD&S by and through its agent and/or employee GRAYSON, and each of them, Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

51.     VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, prays for judgment against the Defendant, PD&S, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XIII
### TERESA WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC.

1.     On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

2.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

3.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. had a registered agent located at the address of 208 South LaSalle Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the State of Illinois.

5.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the County of Cook.

6.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. operated a distinct regional short-haul operations centered in Chicago. (See Barr-Nunn Website, attached as Exhibit A.)

7.     On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. was a corporate motor carrier, identified by U.S. DOT #261978, in the business of transporting freight nationally across 48 states.

8.     Prior to August 21, 2015, BARR NUNN TRANSPORTATION had been sued and litigated cases in Cook County.

9. Prior to August 21, 2015, BARR NUNN TRANSPORTATION vehicles operated in and around Cook County highways.

10. Prior to August 21, 2015, BARR NUNN TRANSPORTATION conducted continuous, systematic, and substantial corporate operations in Illinois.

11. Prior to August 21, 2015, BARR NUNN TRANSPORTATION had been cited and ticketed in Illinois on multiple occasions.

12. Prior to August 21, 2015, BARR NUNN TRANSPORTATION advertised for job opportunities within Cook County, Illinois.

13. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was contracted by BARR NUNN TRANSPORTATION, INC.

14. On or about August 21, 2015, and at all times relevant herein, PDS TRANSPORTATION SERVICES, INC. was acting on behalf of BARR NUNN TRANSPORTATION, INC.

15. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

16. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

17. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity, PDS

TRANSPORTATION SERVICES, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

18. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. hired trucking company/operator/logistics entity PDS TRANSPORTATION SERVICES, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

19. As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS TRANSPORTATION SERVICES, INC., BARR NUNN TRANSPORTATION allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

20. On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was contracted by BARR NUNN TRANSPORTATION, INC.

21. On or about August 21, 2015, and at all times relevant herein, PDS EXPRESS, INC. was acting on behalf of BARR NUNN TRANSPORTATION, INC.

22. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

23. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

24. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity, PDS

EXPRESS, INC. to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

25. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. hired trucking company/operator/logistics entity PDS EXPRESS, INC., without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

26. As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PDS EXPRESS, INC., BARR NUNN TRANSPORTATION allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

27. On or about August 21, 2015, and at all times relevant herein, PD&S was contracted by BARR NUNN TRANSPORTATION, INC.

28. On or about August 21, 2015, and at all times relevant herein, PD&S was acting on behalf of BARR NUNN TRANSPORTATION, INC.

29. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence, was negotiated, entered into, signed and/or reviewed by Illinois residents and/or employees.

30. Upon information and belief, the contract for hire between BARR NUNN TRANSPORTATION, INC. which authorized, permitted, and required GRAYSON to operate the subject tractor trailer involved in the occurrence is enforceable under Illinois law.

31. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. engaged an Illinois trucking company/operator/logistics entity,

55

PD&S to facilitate the transportation of cargo over the road in the vehicle operated by GRAYSON.

32. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. hired trucking company/operator/logistics entity PD&S, without adequately evaluating, screening and assessing the safety of their operations and their drivers including GRAYSON.

33. As a result of retaining, poorly evaluating, inadequately screening, and retaining Illinois' PD&S, BARR NUNN TRANSPORTATION allowed GRAYSON to operate on the roadway in a tractor trailer and inure the Plaintiffs.

34. On or about August 21, 2015, and at all times relevant herein, Defendant, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON"), was an agent and/or employee of Defendant, BARR NUNN TRANSPORTATION, INC.

35. Prior to August 21, 2015, Defendant GRAYSON had driven on highways in Cook County, Illinois on numerous occasions.

36. On or about August 21, 2015, and at all times relevant herein, GRAYSON was acting within the course and scope of his agency and/or employment with BARR NUNN TRANSPORTATION, INC.

37. On or about August 21, 2015, and at all times relevant herein, BARR NUNN TRANSPORTATION, INC. owned a 2013 Freightliner tractor with license plate number SG7160, and a trailer with vehicle identification number DD0081 (hereinafter collectively referred to as "the tractor-trailer").

56

38.    On or about August 21, 2015, and at all times relevant herein, I-80 was an interstate highway running in an easterly and westerly direction within the City of Des Moines, County of Polk, and State of Iowa.

39.    On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating the aforementioned tractor-trailer eastbound on I-80, just east of I-35.

40.    On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating a 2004 Lexus SC 430 with Illinois license plate number WOODZ-WZ.

41.    On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a passenger in the 2004 Lexus SC 430.

42.    On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating the 2004 Lexus SC 430 on I-80, just east of I-35.

43.    On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON started to make a lane change to the right.

44.    On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON struck and collided with the vehicle being operated by VIRGIL WOODS.

45.    That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

46.    That at all times relevant herein, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or

leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

47.　That at all times relevant herein, the tractor-trailer driven by Defendant, GRAYSON, was a motor vehicle as defined by the Motor Carrier Safety Regulations.

48.　That at all times relevant herein, Defendant, GRAYSON, was a driver of the tractor-trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

49.　That as a motor carrier, Defendant, BARR NUNN TRANSPORTATION, INC., had a duty to require observance by its drivers, such as Defendant, GRAYSON, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

50.　On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

51.　On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

52.　On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

53.　Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC., and each of them, were negligent in one or more of the following respects:

     a.　Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
     b.　Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11.; or

c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

54. As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

55. TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries she sustained.

## COUNT XIV
### TERESA WOODS v. BARR NUNN TRANSPORTATION, INC.

1-50. Plaintiff restates and reincorporates by reference paragraphs 1 - 50 of Count XIII of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 50 of Count XIV.

50. On or about August 21, 2015, and at all times relevant herein, Defendant, BARR NUNN TRANSPORTATION, INC., by and through its agent and/or employee GRAYSON, had a duty to exercise ordinary care to avoid colliding with the which TERESA WOODS was a passenger in.

51. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

52. On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

53. Notwithstanding said duty, the Defendant, BARR NUNN TRANSPORTATION, INC., by and through its agent and/or employee, GRAYSON, and each of them, were negligent in one or more of the following respects:

    a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

    b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

    c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

    d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

    e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

    f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

    g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

54. As a proximate result of one or more of the aforesaid acts and/or omissions of BARR NUNN TRANSPORTATION, INC., Plaintiff TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

55. TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries she sustained.

## COUNT XV
### VIRGIL WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC.

1-50. Plaintiff restates and reincorporates by reference paragraphs 1 - 50 of Count XIII of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 50 of Count XV.

50.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was driving.

51.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

52.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

53.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC., and each of them, were negligent in one or more of the following respects:

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
   g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

63

    h.  Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

    i.  Failed to give audible warning of the approach of said motor vehicle; or

    j.  Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

    k.  Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

    l.  Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

    m.  Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

    n.  Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

54.    As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of BARR NUNN TRANSPORTATION, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will suffer pain; has lost his normal life, and has been left disfigured and disabled. VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. Additionally, Plaintiff, VIRGIL WOODS, has suffered the loss of society, companionship, and conjugal relations with his wife, TERESA WOODS.

55.    VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries he sustained.

## COUNT XVI
### VIRGIL WOODS v. BARR NUNN TRANSPORTATION, INC.

1-50. Plaintiff restates and reincorporates by reference paragraphs 1 - 50 of Count XIII of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 50 of Count XVI.

50.     On or about August 21, 2015, and at all times relevant herein, Defendants, BARR NUNN TRANSPORTATION, INC., by and through its agent and/or employee GRAYSON, had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was driving.

51.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

52.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

53.     Notwithstanding said duty, the Defendant, BARR NUNN TRANSPORTATION, INC., by and through its agent and/or employee, and each of them, were negligent in one or more of the following respects:

    a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
    b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11.; or
    c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
    d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
    e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
    f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
    g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

65

    b.  Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

    i.  Failed to give audible warning of the approach of said motor vehicle; or

    j.  Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

    k.  Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

    l.  Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

    m.  Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

    n.  Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

54.    As a proximate result of one or more of the aforesaid acts and/or omissions of BARR NUNN TRANSPORTATION, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will suffer pain; has lost his normal life, and has been left disfigured and disabled. VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. Additionally, Plaintiff, VIRGIL WOODS, has suffered the loss of society, companionship, and conjugal relations with his wife, TERESA WOODS.

55.    VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries he sustained.

66

COUNT XVII

**TERESA WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC.**

1.     On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

2.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

3.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. had a registered agent located at the address of 208 South LaSalle Street, in the City of Chicago, County of Cook, State of Illinois.

4.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the State of Illinois.

5.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the County of Cook.

6.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporate motor carrier, identified by U.S. DOT #428823, in the business of transporting freight nationally across 48 states.

7.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. had been sued and litigated cases in Cook County.

8.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. vehicles operated in and around Cook County highways.

67

9.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. conducted continuous, systematic, and substantial corporate operations in Illinois.

10.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. had been cited and ticketed in Illinois on multiple occasions.

11.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. advertised for job opportunities within Cook County, Illinois.

12.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. owned KNIGHT TRUCK & TRAILER SALES, LLC.

13.     On or about August 21, 2015 KNIGHT TRUCK & SALES, LLC was an active Arizona limited liability company that qualified to do business as a limited liability company in the state of Illinois.

14.     On or About August 21, 2015, KNIGHT TRUCK & TRAILER SALES, LLC is located at 3301 Mound Rd., Joliet, IL 60431.

15.     On or about August 21, 2015, and at all times relevant herein, Defendant, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON"), was an agent and/or employee of Defendant, KNIGHT TRANSPORTATION, INC.

16.     Prior to August 21, 2015, Defendant GRAYSON had driven on highways in Cook County, Illinois on numerous occasions.

17.     On or about August 21, 2015, and at all times relevant herein, GRAYSON was acting within the course and scope of his agency and/or employment with KNIGHT TRANSPORTATION, INC.

18.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. owned a 2013 Freightliner tractor with license plate number

68

SG7160, and a trailer with vehicle identification number DD0081 (hereinafter collectively referred to as "the tractor-trailer").

19.     On or about August 21, 2015, and at all times relevant herein, I-80 was an interstate highway running in an easterly and westerly direction within the City of Des Moines, County of Polk, and State of Iowa.

20.     On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating the aforementioned tractor-trailer eastbound on I-80, just east of I-35.

21.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating a 2004 Lexus SC 430 with Illinois license plate number WOODZ-WZ.

22.     On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a passenger in the 2004 Lexus SC 430.

23.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating the 2004 Lexus SC 430 on I-80, just east of I-35.

24.     On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON started to make a lane change to the right.

25.     On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON struck and collided with the vehicle being operated by VIRGIL WOODS.

26.     That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

69

27. That at all times relevant herein, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

28. That at all times relevant herein, the tractor-trailer driven by Defendant, GRAYSON, was a motor vehicle as defined by the Motor Carrier Safety Regulations.

29. That at all times relevant herein, Defendant, GRAYSON, was a driver of the tractor-trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

30. That as a motor carrier, Defendant, KNIGHT TRANSPORTATION, INC., had a duty to require observance by its drivers, such as Defendant, GRAYSON, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

31. On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., had a duty to exercise ordinary care to avoid colliding with the Lexus which TERESA WOODS was a passenger in.

32. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

33. On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

34. Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., and each of them, were negligent in one or more of the following respects:

70

a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

35.    As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

36.    TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries she sustained.

72

## COUNT XVIII
## TERESA WOODS v. KNIGHT TRANSPORTATION, INC.

1-30. Plaintiff restates and reincorporates by reference paragraphs 1 - 30 of Count XVII of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 30 of Count XVIII.

31. On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. by and through its agent and/or employee, GRAYSON, and each of them, had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

32. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

33. On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

34. Notwithstanding said duty, the Defendant, KNIGHT TRANSPORTATION, INC. was negligent in one or more of the following respects:

     a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

     b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

     c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

     d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

     e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

     f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

     g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or .

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

35.     As a proximate result of one or more of the aforesaid acts and/or omissions of KNIGHT TRANSPORTATION, INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

36.     TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries she sustained.

## COUNT XIX

### VIRGIL WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC.

1-30. Plaintiff restates and reincorporates by reference paragraphs 1 – 30 of Count XVII of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 30 of Count XIX.

31.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was driving.

32.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

33.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

34.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., and each of them, were negligent in one or more of the following respects:

      a.  Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
      b.  Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
      c.  Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
      d.  Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
      e.  Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
      f.  Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

75

g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

35.     As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will suffer pain; has lost his normal life, and has been left disfigured and disabled. VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. Additionally, Plaintiff, VIRGIL WOODS, has suffered the loss of society, companionship, and conjugal relations with his wife, TERESA WOODS.

36.     VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries he sustained.

76

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

35. As a proximate result of one or more of the aforesaid acts and/or omissions of KNIGHT TRANSPORTATION, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will suffer pain; has lost his normal life, and has been left disfigured and disabled. VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. Additionally, Plaintiff, VIRGIL WOODS, has suffered the loss of society, companionship, and conjugal relations with his wife, TERESA WOODS.

36. VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries he sustained.

78

## COUNT XXI

### TERESA WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

1.      On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

2.      On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was a resident at 24661 S. Wildwood Trail, in the Village of Crete, State of Illinois.

3.      On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. had a registered agent located at the address of 208 South LaSalle Street, in the City of Chicago, County of Cook, State of Illinois.

4.      On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the State of Illinois.

5.      On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the County of Cook.

6.      On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporate motor carrier, identified by U.S. DOT #428823, in the business of transporting freight nationally across 48 states.

7.      On or about August 21, 2015, and at all times relevant herein, SWIFT TRANSPORTATION COMPANY was a corporation, transacting business and doing business in and through the County of Cook.

8.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. was a corporation, transacting business and doing business in and through the State of Illinois.

9.     The boards of KNIGHT TRANSPORTATION, INC. and SWIFT TRANSPORTATION COMPANY have approved a merger.

10.     The combined company will be named KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

11.     KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. will have control over KNIGHT TRANSPORTATION, INC.

12.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. had been sued and litigated cases in Cook County.

13.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. vehicles operated in and around Cook County highways.

14.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. conducted continuous, systematic, and substantial corporate operations in Illinois.

15.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. had been cited and ticketed in Illinois on multiple occasions.

16.     Prior to August 21, 2015, KNIGHT TRANSPORTATION, INC. advertised for job opportunities within Cook County, Illinois.

17.     On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. owned KNIGHT TRUCK & TRAILER SALES, LLC.

18. On or about August 21, 2015 KNIGHT TRUCK & SALES, LLC was an active Arizona limited liability company that qualified to do business as a limited liability company in the state of Illinois.

19. On or About August 21, 2015, KNIGHT TRUCK & TRAILER SALES, LLC is located at 3301 Mound Rd., Joliet, IL 60431.

20. Prior to August 21, 2015, SWIFT TRANSPORTATION COMPANY had been sued and litigated cases in Cook County.

21. Prior to August 21, 2015, SWIFT TRANSPORTATION COMPANY vehicles operated in and around Cook County highways.

22. Prior to August 21, 2015, SWIFT TRANSPORTATION COMPANY conducted continuous, systematic, and substantial corporate operations in Illinois.

23. Prior to August 21, 2015, SWIFT TRANSPORTATION COMPANY had been cited and ticketed in Illinois on multiple occasions.

24. Prior to August 21, 2015, SWIFT TRANSPORTATION COMPANY advertised for job opportunities within Cook County, Illinois.

25. On or about August 21, 2015, and at all times relevant herein, Defendant, LAWRENCE GRAYSON (hereinafter referred to as "GRAYSON"), was an agent and/or employee of Defendant, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

26. Prior to August 21, 2015, Defendant GRAYSON had driven on highways in Cook County, Illinois on numerous occasions.

27. On or about August 21, 2015, and at all times relevant herein, GRAYSON was acting within the course and scope of his agency and/or employment with KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

81

28.     On or about August 21, 2015, and at all times relevant herein, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. owned a 2013 Freightliner tractor with license plate number SG7160, and a trailer with vehicle identification number DD0081 (hereinafter collectively referred to as "the tractor-trailer").

29.     On or about August 21, 2015, and at all times relevant herein, I-80 was an interstate highway running in an easterly and westerly direction within the City of Des Moines, County of Polk, and State of Iowa.

30.     On or about August 21, 2015, and at all times relevant herein, GRAYSON was operating the aforementioned tractor-trailer eastbound on I-80, just east of I-35.

31.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating a 2004 Lexus SC 430 with Illinois license plate number WOODZ-WZ.

32.     On or about August 21, 2015, and at all times relevant herein, TERESA WOODS was a passenger in the 2004 Lexus SC 430.

33.     On or about August 21, 2015, and at all times relevant herein, VIRGIL WOODS was operating the 2004 Lexus SC 430 on I-80, just east of I-35.

34.     On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON started to make a lane change to the right.

35.     On or about August 21, 2015, at approximately 3:15, the tractor-trailer being operated by GRAYSON struck and collided with the vehicle being operated by VIRGIL WOODS.

36.     That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety.

82

Such terms includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

37.     That at all times relevant herein, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

38.     That at all times relevant herein, the tractor-trailer driven by Defendant, GRAYSON, was a motor vehicle as defined by the Motor Carrier Safety Regulations.

39.     That at all times relevant herein, Defendant, GRAYSON, was a driver of the tractor-trailer and therefore an employee as defined by the Motor Carrier Safety Regulations.

40.     That as a motor carrier, Defendant KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., had a duty to require observance by its drivers, such as Defendant, GRAYSON, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

41.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., had a duty to exercise ordinary care to avoid colliding with the Lexus which TERESA WOODS was a passenger in.

42.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

43.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

44.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., and each of them, were negligent in one or more of the following respects:

   a.   Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b.   Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c.   Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d.   Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e.   Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f.   Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
   g.   Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or
   h.   Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or
   i.   Failed to give audible warning of the approach of said motor vehicle; or
   j.   Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or
   k.   Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or
   l.   Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or
   m.   Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or
   n.   Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

45.     As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has

incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired.

46.     TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries she sustained.

## COUNT XXII
### TERESA WOODS v. KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

1-40. Plaintiff restates and reincorporates by reference paragraphs 1 – 40 of Count XXI of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 40 of Count XXII.

41. On or about August 21, 2015, and at all times relevant herein, KNIGHT TRANSPORTATION, INC. by and through its agent and/or employee, GRAYSON, and each of them, had a duty to exercise ordinary care to avoid colliding with the vehicle which TERESA WOODS was a passenger in.

42. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

43. On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

44. Notwithstanding said duty, the Defendant, KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. was negligent in one or more of the following respects;

   a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
   b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
   c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
   d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
   e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
   f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or
   g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

45. As a proximate result of one or more of the aforesaid acts and/or omissions of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC., Plaintiff, TERESA WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. Additionally, TERESA WOODS has incurred numerous hospital and medical expenses; as well as lost earnings and wages she otherwise would have earned and acquired.

46. TERESA WOODS underwent extensive medical treatment for her injuries in Cook County, Illinois.

WHEREFORE, Plaintiff TERESA WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries she sustained.

## COUNT XXIII
### VIRGIL WOODS v. LAWRENCE GRAYSON, Individually and as an agent and/or employee of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

1-40. Plaintiff restates and reincorporates by reference paragraphs 1 – 40 of Count XXI of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 40 of Count XXIII.

41.     On or about August 21, 2015, and at all times relevant herein, Defendants, GRAYSON, individually and as an agent and/or employee of KNIGHT TRANSPORTATION, INC., had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was driving.

42.     On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

43.     On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

44.     Notwithstanding said duty, the Defendant, LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC, and each of them, were negligent in one or more of the following respects:

  a.  Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or
  b.  Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or
  c.  Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or
  d.  Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or
  e.  Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or
  f.  Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

45. As a proximate result of one or more of the aforesaid acts and/or omissions of LAWRENCE GRAYSON, individually and as an agent and/or employee of KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC, Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will suffer pain; has lost his normal life, and has been left disfigured and disabled. VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. Additionally, Plaintiff, VIRGIL WOODS, has suffered the loss of society, companionship, and conjugal relations with his wife, TERESA WOODS.

46. VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant in an amount in excess of the jurisdictional minimum and up to the maximum recoverable for persons with the significant and severe physical, emotional and permanent injuries he sustained.

89

## COUNT XXIV
## VIRGIL WOODS v. KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.

1-40. Plaintiff restates and reincorporates by reference paragraphs 1 – 40 of Count XXI of Plaintiff's Complaint at Law as if fully set forth herein as paragraphs 1 through 40 of Count XXII.

41. On or about August 21, 2015, and at all times relevant herein, Defendants, KNIGHT TRANSPORTATION, INC. by and through its agent and/or employee, GRAYSON, and each of them, had a duty to exercise ordinary care to avoid colliding with the vehicle which VIRGIL WOODS was driving.

42. On or about August 21, 2015, and at all times relevant herein, Defendant, GRAYSON, had a duty to see and observe vehicles which he should have seen or which were obviously visible in the roadway.

43. On or about August 21, 2015, and at all times relevant herein, Defendant GRAYSON, had a duty to operate his vehicle at a speed that was safe for traffic.

44. Notwithstanding said duty, the Defendant, KNIGHT TRANSPORTATION, INC., were negligent in one or more of the following respects:

    a. Failing to keep a safe and proper lookout, contrary to and in violation of 49 C.F.R. §390.11; or

    b. Failing to properly maintain and operate the tractor-trailer, contrary to and in violation of 49 C.F.R. §390.11,; or

    c. Operating an unsafe vehicle in violation of the Federal Motor Carrier Safety Act; or

    d. Failing to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to Defendant; or

    e. Operating the tractor-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. §292.16; or

    f. Failing to ensure that the tractor-trailer was free from steering defects, contrary to and in violation of 49 C.F.R. §393.209; or

    g. Allowing the tractor-trailer out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §Par. 396.13; or

h. Defendant, BARR NUNN TRANSPORTATION, INC., was negligent in the supervision and oversight of its agent and/or employee, Defendant, LAWRENCE GRAYSON, with respect to the operation, maintenance, and use of the tractor-trailer by Defendant, LAWRENCE GRAYSON, contrary to and in violation of 49 C.F.R. §390.11; or

i. Failed to give audible warning of the approach of said motor vehicle; or

j. Failed to decrease speed so as to avoid colliding with Plaintiff Decedent's motor vehicle, despite the fact that said motor vehicle was clearly visible; or

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop; or

l. Failed to use due care when operating said truck and trailer so as to avoid colliding with other vehicles legally on the roadway; or

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Failed to take proper evasive action in order to avoid collision with motor vehicles proceeding in the lawful direction of a divided highway.

45.    As a proximate result of one or more of the aforesaid acts and/or omissions of KNIGHT TRANSPORTATION, INC., Plaintiff, VIRGIL WOODS, suffered injuries of a personal, permanent and pecuniary nature; has suffered and will suffer pain; has lost his normal life, and has been left disfigured and disabled. VIRGIL WOODS has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. Additionally, Plaintiff, VIRGIL WOODS, has suffered the loss of society, companionship, and conjugal relations with his wife, TERESA WOODS.

46.    VIRGIL WOODS underwent extensive medical treatment for his injuries in Cook County, Illinois.

WHEREFORE, Plaintiff VIRGIL WOODS, moves that this Honorable Court enter judgment in favor of the Plaintiff and against each Defendant for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## RESPONDENTS IN DISCOVERY

Pursuant to 735 ILCS 5/2-402, the Plaintiffs, TERESA WOODS and VIRGIL WOODS, by and through their attorneys, names PERISHABLE DISTRIBUTION SOLUTIONS Respondents in Discovery as it is believed that they have information essential to the determination of who should properly be named as Defendants in this action.

By: _____
                                    Attorney for Plaintiff

Larry R. Rogers, Jr.
Jonathan M. Thomas
POWER ROGERS & SMITH, P.C. #31444
70 West Madison Street, 55th Floor
Chicago, IL 60602-4212
Tel:312.236.9381
Fax: 312.236.0920

92

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TERESA WOODS and VIRGIL WOODS

Plaintiffs,

v.

LAWRENCE GRAYSON, Individually and
as an agent and/or employee of PDS
TRANSPORTATION SERVICES, INC.,
PDS EXPRESS, INC., PD&S, BARR NUNN
TRANSPORTATION, INC., KNIGHT
TRANSPORTATION, INC., and/or
KNIGHT-SWIFT TRANSPORTATION
HOLDINGS, INC.;
PDS TRANSPORTATION SERVICES,
INC.;
PDS EXPRESS, INC.;
PD&S;
BARR NUNN TRANSPORTATION, INC.;
KNIGHT TRANSPORTATION, INC.;
and KNIGHT-SWIFT TRANSPORTATION
HOLDINGS INC.,

Defendants,

PERISHABLE DISTRIBUTION
SOLUTIONS,

Respondent-In-Discovery.

No. _____
Jury Demand

## AFFIDAVIT

NOW comes Affiant, Larry R. Rogers, Jr., and being first duly sworn on oath, deposes and states:

1. That he is one of the attorneys representing the Plaintiff in the above cause.
2. That he is familiar with the facts in the above cause,
3. That he has reviewed the available information relating to the money damages in the above matter.

93

4. That based upon information and belief, the total money damages sought in the above cause are worth in excess of Fifty Thousand Dollars ($50,000.00).

_____
Larry R. Rogers, Jr.

Subscribed and sworn to before me
this ____ day of _____, 2017

_____
Notary Public

DONNA L SYMANSKI
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 13, 2020

POWER, ROGERS & SMITH, LLP
70 West Madison Street, 55th Floor
Chicago, Illinois 60602-4212
Phone No. 312/236-9381

94

10/3/2017                                     Division of Corporations - Filing

Delaware.gov                        Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**                              Allowable Characters

<table>
<tr><td>
HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents
</td></tr>
</table>

View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | 4811670 | Incorporation Date / Formation Date: | 4/16/2010 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | SWIFT TRANSPORTATION CO. OF ARIZONA, LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | NATIONAL REGISTERED AGENTS, INC. | | |
|---|---|---|---|
| Address: | 160 GREENTREE DR STE 101 | | |
| City: | DOVER | County: | Kent |
| State: | DE | Postal Code: | 19904 |
| Phone: | 302-674-4089 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status, Tax & History Information  [Submit]

[Back to Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

DEFENDANT'S
EXHIBIT
B

10/3/2017                                    - Arizona Corporation Commission eCorp

Search Date and Time:
**10/3/2017 11:59:26 AM**

File Number:
**02171966**

Corporation Name:
**KNIGHT TRANSPORTATION, INC.**

| Annual Report Email Reminders |
|---|
| eFile Annual Report |
| Print Annual Report Form |

Collapse | Expand

| File Number | 02171966 |
|---|---|
| Corporation Name | KNIGHT TRANSPORTATION, INC. |
| Standing | Check Corporate Status |

20002 N 19TH AVE
PHOENIX, AZ 85027-4250

**Agent Name:** RCA SERVICE CO LLC

**Agent Mailing/Physical Address:**
ATTN: JAMES E BROPHY
ONE N CENTRAL AVE
STE 1200
PHOENIX, AZ 85004-4417

**Agent Status:** APPOINTED 02/26/2002

**Agent Last Updated:** 09/11/2017

| | |
|---|---|
| **Entity Type:** PROFIT | **Business Type:** TRANSPORTATION |
| **Incorporation Date:** 8/31/1989 | **Corporation Life Period:** PERPETUAL |
| **Domicile:** ARIZONA | **County:** MARICOPA |
| **Approval Date:** 9/22/1989 | **Original Publish Date:** 10/26/1989 |

DEFENDANT'S
EXHIBIT
C

10/3/2017                                    - Arizona Corporation Commission eCorp

| Name | DAVID JACKSON |
|---|---|
| Title | DIRECTOR |
| Address | 20002 NORTH 19TH AVE PHOENIX, AZ 85027-4250 |
| Date of Taking Office | 09/08/2017 |
| Last Updated | 09/11/2017 |
| Name | KEVIN KNIGHT |
| Title | DIRECTOR |
| Address | 20002 NORTH 19TH AVE PHOENIX, AZ 85027-4250 |
| Date of Taking Office | 09/08/2017 |
| Last Updated | 09/11/2017 |
| Name | GARY KNIGHT |
| Title | DIRECTOR |
| Address | 20002 NORTH 19TH AVE PHOENIX, AZ 85027-4250 |
| Date of Taking Office | 09/08/2017 |
| Last Updated | 09/11/2017 |

Next Annual Report Due: 4/30/2018

| File Year | 2017 |
|---|---|
| File Month | 4 |
| Date Received | 4/17/2017 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2016 |
| File Month | 4 |
| Date Received | 3/1/2016 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2015 |
| File Month | 4 |
| Date Received | 3/23/2015 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2014 |
| File Month | 4 |
| Date Received | 1/30/2014 |
| Reason Returned | |
| Date Returned | |
| Extension | |

- Arizona Corporation Commission eCorp

| | |
|---|---|
| File Year | 2013 |
| File Month | 4 |
| Date Received | 7/23/2013 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2012 |
| File Month | 4 |
| Date Received | 5/29/2012 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2011 |
| File Month | 4 |
| Date Received | 7/25/2011 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2010 |
| File Month | 4 |
| Date Received | 8/9/2010 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2009 |
| File Month | 4 |
| Date Received | 4/22/2009 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2008 |
| File Month | 4 |
| Date Received | 6/12/2008 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2007 |
| File Month | 4 |
| Date Received | 4/30/2007 |
| Reason Returned | |
| Date Returned | |
| Extension | |

10/3/2017 - Arizona Corporation Commission eCorp

| Field | Value |
|---|---|
| File Year | 2006 |
| File Month | 4 |
| Date Received | 4/25/2006 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2005 |
| File Month | 4 |
| Date Received | 4/1/2005 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2004 |
| File Month | 4 |
| Date Received | 2/13/2004 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2003 |
| File Month | 4 |
| Date Received | 5/29/2003 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2002 |
| File Month | 4 |
| Date Received | 2/26/2002 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2001 |
| File Month | 4 |
| Date Received | 4/4/2001 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2000 |
| File Month | 4 |
| Date Received | 4/4/2001 |
| Reason Returned | |
| Date Returned | |
| Extension | |

| File Year | 1999 |
| File Month | 4 |
| Date Received | 8/27/1999 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 1998 |
| File Month | 4 |
| Date Received | 9/9/1998 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 1996 |
| File Month | 12 |
| Date Received | 11/18/1997 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 1995 |
| File Month | 12 |
| Date Received | 7/19/1996 |
| Reason Returned | |
| Date Returned | |
| Extension | 10/15/1997 |
| File Year | 1994 |
| File Month | 12 |
| Date Received | 8/16/1995 |
| Reason Returned | |
| Date Returned | |
| Extension | 10/15/1996 |
| File Year | 1993 |
| File Month | 12 |
| Date Received | 6/17/1994 |
| Reason Returned | FINANCIAL DISCLOSURE |
| Date Returned | 7/25/1995 |
| Extension | 6/15/1995 |
| File Year | 1992 |
| File Month | 12 |
| Date Received | 5/18/1993 |
| Reason Returned | |
| Date Returned | |
| Extension | 6/15/1994 |